IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | NO. 5:09-CR-4 |
| | § | |
| JOSE NAVA | § | |

## MOTION FOR DISCOVERY AND INSPECTION AND BRIEF

    The Defendant moves the Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to order the government through its Assistant United States Attorney to disclose and produce, and to permit the Defendant to inspect, copy, photograph and/or photocopy each of the following items of evidence which through due diligence may become known to the government or its agents:

### STATEMENTS OF DEFENDANT

    1.  Copies; transcripts, United States v. Brodie, 871 F.2d 125 (D.C. Cir. 1989); United States v. Gee, 695 F.2d 1165 (9th Cir. 1983); summaries, United States v. McClure, 734 F.2d 484, 492 (10th Cir. 1984); United States v. Curry, 278 F. Supp. 508, 514 (N.D. Ill. 1967); and/or government reports or notes, United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976); United States v. Harrison, 524 F.2d 421, 431-432 (D.C. Cir. 1975) of:

    (a)    any written or recorded statements, including audio or video recordings, made by the defendant to any person, including persons who are not government agents, that are within the possession, custody or control of the government, United States v. Scafe, 822 F.2d 928 (10th Cir. 1987); United States v. Caldwell, 543 F.2d 1333, 1352-1353 (D.C. Cir. 1974), cert. denied, 423 U.S.1087 (1976); United States v. Bryant, 439 F.2d 642 (D.C. 1971);

    (b)    the substance of any oral statement made by the defendant whether before or after arrest to any attorney for the government or to a person known by the defendant to be a government agent or law enforcement officer, including probation, parole or state police officers, see United States v. Mitchell, 613 F.2d 779, 781 (10th Cir. 1980), cert. denied, 445 U.S. 919 (1980), which the government intends to offer in evidence at the trial or which are of any relevance

to this prosecution. The defendant requests the court to order the Assistant United States Attorney to interview each government agent who spoke with the defendant in order to ascertain the substance of any oral statements made;

(c) the substance of any oral statement made to any person which goes to any element of the offense, United States v. Ible, 630 F.2d 389, 395-397 (5th Cir. 1980);

(d) the substance of any statements made by the defendant in response to Miranda-type warnings, United States v. McElroy, 697 F.2d 459, 465-466 (2d Cir. 1982); and

(e) any grand jury testimony given by the defendant which relates in any way to the offense charged and the names of any grand jury witness who may testify at trial.

2. The defendant further requests that the government be ordered to render all relevant aid which is reasonably available to ascertain the precise substance of any defendant's statements.

## DEFENDANT'S PRIOR CRIMINAL RECORD

3. The defendant's prior criminal record, including the disposition of cases. The prior criminal record of each of the co-defendants. Any conviction arguably admissible against any of the defendants or any other witness pursuant to Rule 609 of the Rules of Evidence.

## DOCUMENTS AND TANGIBLE EVIDENCE

4. Any books, papers, documents, photographs, tangible objects, buildings, or places which are material to the preparation of the defendant's defense, are intended for use by the government at trial, or were obtained from or belong to the defendant. This request includes the discovery of any drugs and drug experiments, United States v. Gordon, 580 F.2d 827, 836-837 (5th Cir.), cert. denied, 439 U.S. 1051 (1978); weapons, United States v. Gaddis, 418 F. Supp. 869, 873 (W.D. Okla. 1976); handwriting exemplars and fingerprint cards, United States v. Glover, 846 F.2d 339 (6th Cir.), cert. denied, __ U.S.__, 109 S. Ct. 533 (1988); photographic spreads or line-ups of the defendant or co-defendants, United States v. Salamot Perez, 767 F.2d 1, 4 (1st Cir. 1985); agency manuals, directives, rules or bulletins including personnel manuals and rules, United States v. Jepson, 53 F.R.D. 289, 290-291 (D. Wis. 1971); out of district documents possessed by government agencies to which the prosecution has knowledge and access, United States v. Bryan, 868 F.2d 1032, 1034 (9th Cir.), cert. denied, __ U.S.__, 110 S. Ct. 167 (1989); and classified documents, United States v. Clegg, 740 F.2d 16 (9th Cir. 1984).

5. The defendant requests access to any drugs in order to weigh the drugs and/or to

make an independent chemical analysis of the drugs.

      6.    In addition, if the government provides illegible copies of documents or altered or distorted copies of audio or video recordings, the defendant requests access to inspect the originals.  United States v. LaCoste, 721 F.2d 984, 988 (5th Cir. 1983), cert. denied, 467 U.S. 1228 (1984); United States v. Terry, 702 F.2d 299, 312-313 (2d Cir.), cert. denied, 461 U.S. 931 (1983).

## REPORTS OF EXAMINATIONS AND TESTS

      7.    Any results or reports of all physical or mental examinations and scientific tests or experiments made in connection with this case which are material to the preparation of the defense or are intended for use by the government as evidence in the trial.  This request includes laboratory reports concerning the results of any drug tests (including negative test results), United States v. Wicker, 848 F.2d 1059 (10th Cir. 1988); fingerprint or voice comparison analysis, United States v. Beaver, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied, 425 U.S. 905 (1976); handwriting analysis, United States v. Buchanan, 585 F.2d 100, 101 (5th Cir. 1978); footprint reports, United States v. Lehman, 756 F.2d 725, 729 (9th Cir.), cert. denied, 474 U.S. 994 (1985); psychiatric examinations of the defendant or of a government witness, United States v. Hearst, 412 F. Supp. 863, 868 (N.D. Cal. 1975); the underlying data and programs for any computer study results, United States v. Alexander, 789 F.2d 1046 (4th Cir. 1986); and agency testing procedures, United States v. Orzechowski, 547 F.2d 978, 984-985 (7th Cir. 1976), cert. denied, 431 U.S. 906 (1977).

      8.    Defendant requests that the court order the government to provide the above requested results or reports to the defendant in a timely fashion and give the defendant notice of the government's intended use of scientific tests or expert witnesses so that the defendant will have adequate time to obtain an expert to assist in preparing the defense, United States v. Barrett, 703 F.2d 1076, 1081 (9th Cir. 1983); United States v. Kelly, 420 F.2d 26, 29 (2d Cir. 1969).

## CO-CONSPIRATOR AND CO-DEFENDANT STATEMENTS

      9.    Any statements of any alleged co-conspirator or co-defendant.  This request includes statements which were recorded by video or audio recordings or by any other means by government agents or informants during the investigation and detection of this alleged offense whether or not the government intends to introduce these statements at trial.  U.S v. Thevis, 84 F.R.D. 47, 55-56 (N.D. Ga. 1979); see also United States v. Turoff, 701 F. Supp. 981, 991-992 (E.D.N.Y. 1988).

      10.    The defendant requests the court to order the government to inform the defendant of the time, place, contents, and means of recording conversations and that the complete recordings and transcripts thereof be made available to defense counsel immediately so that counsel may determine whether any of these conversations are admissible against the defendant

pursuant to Fed. R. Evid. 801(d)(2)(E) and Fed. R. Crim. P. 16(a).

## OTHER CRIMES, WRONGS OR ACTS

11.     Advance notice of any evidence of other crimes, wrongs or acts by the defendant which the government plans to introduce at trial pursuant to Fed. R. Evid. 404(b).  United States v. King, 121 F.R.D. 277, 281 (E.D.N.C. 1988).

12.     The defendant requests the court to order the government to give advance notice to enable the defendant to prepare adequate cross-examination and rebuttal.  United States v. Baum, 482 F.2d 1325, 1332 (2d Cir. 1973).

## INFORMANTS

13.     The identity of any informant in this case who was a percipient witness to or participated in the alleged offense.  Roviaro v. United States, 353 U.S. 53 (1957); United States v. De Los Santo, 810 F.2d 1326 (5th Cir.), cert. denied, 484 U.S. 978 (1987).

14.   The defendant requests that the court order the government to:

   (1)    provide the defendant with information to locate or contact any informant,

   (2)    produce any informant at a time and place ordered by the court for an interview with defense counsel, United States v. Williams, 496 F.2d 378, 382 (1st Cir. 1974); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965); and

   (3)    produce any informant at trial at the defendant's request, United States v. Tornabene, 687 F.2d 312, 315-316 (9th Cir. 1982).

The defendant also requests that the court order the government to produce:

   (1)    the prior criminal record of any informant, United States v. Auten, 632 F.2d 478 (5th Cir. 1980); United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977);

   (2)    any promises of immunity or consideration made to any informant, Giglio v. United States, 405 U.S. 150 (1972); United States v. Mayer, 556 F.2d 245 (5th Cir. 1977); including, but not limited to, payment records, ledgers or accounts, DEA-6 forms, and moiety agreements, U.S. v. Williams, 954 F.2d 668 (11th Cir. 1992);

  (3)  the identification of any informant's prior testimony, <u>Johnson v. Brewer</u>, 521 F.2d 556, 562-564 (8th Cir. 1975);

  (4)  any evidence of psychiatric treatment of any informant, <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th Cir. 1983); <u>United States v. Partin</u>, 493 F.2d 750, 762-764 (5th Cir. 1974), <u>cert. denied</u>, 434 U.S. 903 (1977); and

  (5)  any evidence of narcotic habits of any informant, <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972).

## **GOVERNMENT INVESTIGATION NOTES**

15. Any notes and/or memoranda (whether handwritten or otherwise) that may have been made by a government agent in this case, including any person who may have been acting in an informer, investigative or undercover capacity. If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail.

## **GOVERNMENT COMMUNICATIONS TO DEFENDANT**

16. Disclosure of whether any government agent, informer or anyone else acting at the direction of the government has communicated with the defendant since the commencement of adversarial proceedings against the defendant, the identification of such individuals and the details surrounding the circumstances of such communications as well as the statements made by both the defendant and the government agent. <u>See generally</u> <u>Maine v. Moulton</u>, 474 U.S. 1597 (1985); <u>United States v. Henry</u>, 447 U.S. 264 (1980).

## **WITNESS STATEMENTS**

17. Any witness statements at least twenty-four hours before the witness testifies at trial or at any sentencing hearing, <u>see</u> <u>United States v. Rosa</u>, 891 F.2d 1074 (3d Cir. 1989), to enable the defendant to conduct an adequate cross-examination of the witness. This request includes, but is not limited to: prior testimony such as grand jury testimony, prior written statements, any witness' reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements which have been or may be adopted, approved or verified by the witness. <u>Goldberg v. United States</u>, 425 U.S. 94 (1976).

18. The defendant also requests that the court order the government to produce all exculpatory witness statements as well as negative exculpatory witness statements, <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978) (statements of informed witnesses which do not mention the defendant). The defendant further requests the court to order the government to produce any evidence concerning narcotics habits or psychiatric treatment of

its witnesses. The defendant seeks to discover the personnel file of any government witness. United States v. Cadet, 727 F.2d 1453, 1467-1468 (9th Cir. 1984); United States v. Gross, 603 F.2d 757, 759 (9th Cir. 1979); United States v. Garrett, 542 F.2d 23, 26-27 (6th Cir. 1976); United States v. Austin, 492 F.Supp. 502, 505-506 (N.D. Ill. 1980).

## STATEMENTS OF INDIVIDUALS WHO WILL NOT BE WITNESSES

19.   Any statements, whether written, oral, or video or audio recorded, of percipient witnesses or individuals who may have information relevant to the case who the government does not intend to call as a witness at the trial. See generally United States v. Thevis, 84 F.R.D. 47 (N.D. Ga. 1979).

## BRADY AND GIGLIO MATERIAL

20.   The defendant requests production of any evidence in the possession of the government or its agents which would tend to exculpate the defendant under Brady v. Maryland, 373 U.S. 83 (1963), or which would impeach the government witnesses under Giglio v. United States, 405 U.S. 150 (1972). See also United States v. Martinez-Mercado, 888 F.2d 1484 (5th Cir. 1989). This request specifically includes, but is not limited to:

      (a)    any witness who is favorable to the defense;

      (b)    any psychiatric or psychological reports which evidence defendant's legal insanity;

      (c)    any prior contrary statements of any government witness;

      (d)    any witness statements or other evidence that suggest that defendant did not know of any alleged conspiracy;

      (e)    any evidence that any persons who may have convinced the defendant to participate in the alleged offense were government agents, informants or persons acting on behalf of the government;

      (f)    any records and information revealing prior convictions or guilty verdicts, deferred adjudications or juvenile adjudications in the United States or in any state or foreign jurisdictions attributed to each government witness, including but not limited to rap sheets, such as National Crime Information Center (NCIC) reports, and/or any judgments and commitment orders;

      (g)    any records and information revealing prior misconduct, wrongs, bad acts, or other crimes attributed to any government witness, particularly those

         which may be admissible under Fed. R. Evid. 608(b) to impeach the truthfulness of the witness;

(h)     any presentence report or sentencing guidelines report of any government witness;

(i)     the immigration status of any government witness or informant who is not a United States citizen;

(j)     any fees, payment of expenses and/or other material rewards given or offered to any government witness or informant, including any consideration or promises of consideration given to or on behalf of any government witness or expected or hoped for by the witness. United States v. Chestang, 849 F.2d 528, 532 (11th Cir. 1988). Consideration refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to:

(1)     formal or informal, or direct or indirect, leniency, favorable treatment, or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, immigration, administrative or other dispute with the government or with any other authority or with any other parties;

(2)     criminal, civil or tax immunity grants;

(3)     relief from forfeiture;

(4)     payments of money, rewards or fees, such as witness fees, or provisions of food, clothing, shelter, transportation, legal services or other benefits;

(5)     placement in a witness protection program;

(6)     informer status of the witness; and

(7)     anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony;

(k)     any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness;

 (l) any criminal prosecutions, investigations, or potential criminal prosecutions which could be brought against the witness;

 (m) any probation, parole, deferred adjudication, or deferred government or custodial status of the witness;

 (n) any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government over which the government has real, apparent or perceived influence;

 (o) any informant files on the witness;

 (p) the existence and identity of any federal, state and local government files on the witness;

 (q) the existence and identity of any official internal affairs investigation, public integrity investigation, or personnel files relating to or connected with each witness who was or is a law enforcement officer;

 (r) the existence and identification of each occasion on which each witness who was or is an informer, accomplice or expert, has testified before any court, grand jury, or other tribunal or body;

 (s) any other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information. This request specifically includes, but is not limited to:

  (1) information as to the mental, emotional, and physical history of any witness, including the psychiatric, psychological and/or medical situation of the witness;

  (2) the use of any lie detector or polygraph tests on the witness and the results;

  (3) the use of narcotics or other drugs by the witness;

  (4) any occasions when the witness may have identified someone other than the defendant as the perpetrator of the alleged crime, failed to identify the defendant as the perpetrator, or failed to make any identification whatsoever; and

  (5) any classified documents which may be in the possession or control of the Department of State, Department of Defense or the Central

Intelligence Agency (CIA) regarding the witness.

## ELECTRONIC SURVEILLANCE

21.     Any electronic surveillance logs and transcripts concerning the defendant, co-conspirator or co-defendant, and/or any witness.  United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989); United States v. Taylor, 707 F.Supp. 696, 702 (S.D.N.Y. 1989); United States v. Konefal, 566 F.Supp. 698, 707 (N.D.N.Y. 1983).  This request would include documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations. United States v. Alderisio, 424 F.2d 20 (10th Cir. 1970).

## LIST OF GOVERNMENT WITNESSES

22.     The names and addresses of all witnesses to the actions described in the indictment.  United States v. Richter, 488 F.2d 170 (9th Cir. 1973); United States v. Stroop, 121 F.R.D. 269, 274-275 (E.D.N.C. 1988); United States v. Hearst, 412 F. Supp. 863, 867 (N.D. Cal. 1975); United States v. Price, 448 F. Supp. 503, 508-518 (D. Colo. 1978); see also Will v. United States, 389 U.S. 90, 100-101 (1967).  This request also includes any percipient witnesses or individuals who may have information relevant to the case who the government does not intend to call at trial.  United States v. Cadet, 727 F.2d 1453, 1468-1469 (9th Cir. 1984).

## SENTENCING GUIDELINES EVIDENCE

23.     Any evidence relevant to the United States Sentencing Commission, Sentencing Guidelines ("Guidelines") upon which the government intends to rely, such as:

(a)     any evidence the government intends to rely on to prove the defendant's role in the offense, i.e. whether it was (1) aggravating, and to what extent, Guidelines § 3B1.1, (2) whether there are any mitigating factors, Guidelines § 3B1.2, and (3) whether the defendant abused a position of trust or used special skill; Guidelines § 3B1.3;

(b)     evidence that the defendant obstructed or impeded the proceedings; Guidelines § 3C1.1;

(c)     any evidence of aggravating specific offense characteristics the government presently believes should be applicable to the charges against the defendant;

(d)     the defendant's prior criminal record, including all charging instruments and arrest affidavits, judgments of conviction, sentences imposed, release dates from all committed sentences, and expiration dates of all terms of probation and parole;

 (e) any grounds upon which the government will argue for an upward departure from the applicable guideline range, including the adequacy of the criminal history category as determined in Guidelines § 4A1.3;

 (f) any facts, information or other evidence that could give rise to an argument for a downward departure from the applicable guideline range, including the provisions of Guidelines §§ 4A1.3, 5H and 5K; and

 (g) any other <u>Brady</u> and favorable guidelines material such as:

  (1) whether the defendant has accepted responsibility for the offense;

  (2) whether the counts of a multi-count indictment should be grouped;

  (3) whether the defendant has provided substantial assistance to the authorities;

  (4) whether the defendant was a minor or minimal participant in the offense activity;

  (5) whether the informant or other government agent contributed to provoking the offense behavior;

  (6) whether the defendant acted under duress or coercion not rising to a complete defense; and

  (7) whether the defendant suffered from a diminished capacity at the time of the offense;

 (h) any <u>Jencks</u> Act material of any government witness who testifies at any sentencing hearing. <u>United States v. Rosa</u>, 891 F.2d 1074 (3d Cir. 1989); <u>United States v. Amperosa</u>, 728 F.Supp. 1479 (D. Hawaii 1990).

## **CONCLUSION**

All of the above items requested are within the exclusive control of the Federal government, or other agencies acting in conjunction with the Federal government, and since the defendant and defense counsel have no executive power, the materials requested herein are

unavailable to the defendant.

    WHEREFORE, the defendant prays that the Court order the Assistant United States Attorney to disclose and produce the above-mentioned evidence to the defendant's counsel for copy and inspection.

                                  Respectfully submitted,

                                  **RODERIQUE S. HOBSON, JR.**
                                  Attorney for Defendant
                                  816 Main Street
                                  Lubbock, Texas 79401
                                  SBN: 09744900
                                  (806) 762-6030
                                  (806) 762-3220 [Fax]

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Cody Skipper, Attorney assigned to this matter, regarding the filing of the foregoing and he does not oppose said motion to the extent the motion requests discovery allowed under Rule 16 and <u>Brady</u>.

                Roderique S. Hobson, Jr.
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on the ____ day of February, 2009, a copy of the foregoing was hand-delivered to the United States Attorney's office at 1205 Texas Avenue, 7th Floor, Lubbock, Texas 79401.

                Roderique S. Hobson, Jr.
                Attorney for Defendant